```
 1  STEVEN T. GUBNER – Bar No. 156593
    JESSICA L. BAGDANOV – Bar No. 281020
 2  JESSICA S. WELLINGTON – Bar No. 324477
    BRUTZKUS GUBNER
 3  21650 Oxnard Street, Suite 500
    Woodland Hills, CA 91367
 4  Telephone:  (818) 827-9000
    Facsimile:   (818) 827-9099
 5  Email:      sgubner@bg.law
                jbagdanov@bg.law
 6              jwellington@bg.law

 7  Attorneys for David Seror, Chapter 7 Trustee
```

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| In re<br><br>TODD HARRIS GOLDMAN,<br><br>                Debtor.<br><br>DAVID SEROR, Chapter 7 Trustee,<br><br>                Plaintiff,<br><br>v.<br><br>HASAN ISMAIL, an individual, and NASIM ISMAIL, an individual,<br><br>                Defendants. | Case No. 1:18-bk-12979-MB<br><br>Chapter 7<br><br>Adv. Case No. 1:20-ap-_____-MB<br><br>**COMPLAINT FOR:**<br><br>1) **AVOIDANCE OF FRAUDULENT TRANSFERS WITH ACTUAL INTENT**<br><br>2) **AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS**<br><br>3) **RECOVERY AND PRESERVATION OF AVOIDED TRANSFERS** |
|---|---|

1

2435327

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, DEFENDANTS HASAN ISMAIL AND NASIM ISMAIL, AND ALL OTHER INTERESTED PARTIES:**

David Seror, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of debtor Todd Harris Goldman (the "Debtor"), complaining of Hasan Ismail, an individual, and Nasim Ismail, an individual, (collectively, the "Defendants"), alleges as follows:

## NATURE OF ACTION AND JURISDICTION

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H) and (O), 1334(b), and General Order No. 13-05 of the District Court for the Central District of California, because this is a core proceeding related to the bankruptcy case of *In re Todd Harris Goldman,* Case No. 1:18-bk-12979-MB, pending before the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to the Debtor's pending bankruptcy case. The Trustee consents to final orders or judgment by the Bankruptcy Court.

2. This is an adversary proceeding brought pursuant to Title VII of the Federal Rules of Bankruptcy Procedure to recover certain transfers made by the Debtor to the Defendants and related relief. The Trustee seeks entry of a judgment avoiding the transfers at issue pursuant to 11 U.S.C. §§ 544 and applicable California law, and recovering the transfers pursuant to 11 U.S.C. § 550. Pursuant to 11 U.S.C. § 544, the Trustee has standing to bring this adversary proceeding on behalf of the Estate.

## THE PARTIES

3. The Trustee brings this action solely in his capacity as Chapter 7 Trustee of the Debtor's estate.

4. The Trustee is informed and believes and based thereon alleges that Defendant Hasan Ismail ("Hasan")[1] is an individual who is a resident of Blue Ash, Ohio. The Trustee is informed and believes that Hasan is the grandfather of the Debtor's ex-wife, Nicole Goldman.

---
[1] First names are used for clarity only. No disrespect is intended.

5. The Trustee is informed and believes and based thereon alleges that Defendant Nasim Hasan ("Nasim") is an individual who is a resident of Blue Ash, Ohio. The Trustee is informed and believes that Nasim is the aunt of the Debtor's ex-wife, Nicole Goldman.

## GENERAL ALLEGATIONS

6. This adversary proceeding seeks to avoid and recover a transfer of $250,000 by the Debtor to the Defendants for the purchase of real property located at 4672 Brewster Drive, Tarzana, California 91356 (Assessor's Parcel No. 2176-022-023) (the "Property").

7. On information and belief, the Debtor and Nicole Goldman ("Nicole") were married on April 3, 2011.

8. On information and belief, after their marriage, the Debtor and Nicole resided at 565 Bayview Drive, Belleair, Florida, 33756 for approximately one year before relocating to California.

9. On information and belief, in or around April 2013, Jasmin Ismail ("Jasmin") loaned the Debtor and Nicole $200,000 to start a company (the "Loan").

10. On information and belief, in or around April 2014, the Debtor and/or Nicole paid Jasmin $100,000 as partial satisfaction of the Loan. After that payment, at least $100,000 of the Loan remained outstanding.

11. On information and belief, upon relocating to California, until approximately June 2014, the Debtor and Nicole resided in a rental property in Sherman Oaks, California.

12. On information and belief, in or around April 2014, the Debtor and Nicole began looking for a single-family residence to purchase in California.

13. On information and belief, in or around April 2014, the Defendants planned to invest approximately $1,000,000 in real property in California.

14. On information and belief, the Debtor and the Defendants came to an oral agreement to jointly purchase a single-family residence (the "Agreement"). The Agreement provided that the Debtor would contribute $250,000 towards that purchase (i.e., 20%), and the Defendants would contribute $1,000,000.

15. On information and belief, in accordance with the Agreement, in or around May 2014, the Debtor made an offer to purchase the Property for $1,250,000, which was accepted by a third party seller.

16. On information and belief, consistent with the Agreement, on or around June 3, 2014, the Debtor wired $37,500 of his separate property funds to Avenue Real Estate Santa Monica, Inc., Escrow Division as an earnest money deposit for the acquisition of the Property (the "First Transfer").

17. On information and belief, on or around June 13, 2014, the Debtor wired an additional $212,500 of his separate property funds to Avenue Real Estate Santa Monica, Inc., Escrow Division for the acquisition of the Property (the "Second Transfer," together with the First Transfer, the "Transfers").

18. On information and belief, in accordance with the Agreement, the Defendants contributed the remaining $1,000,000 of the purchase price to acquire the property.

19. On information and belief, the Debtor effectuated the Transfers with the actual intent to hinder, delay or defraud the Debtor's creditors.

20. On information and belief, the Debtor was insolvent on the dates of the Transfers or became insolvent as a result of the Transfers.

21. On information and belief, the Debtor did not receive any consideration in exchange for the Transfers.

22. On information and belief, on or around June 17, 2014, a grant deed was recorded against the Property in favor of Hasan and Nasim as joint tenants with rights of survivorship. From thereafter, at all relevant time, the Defendants have been the record owners of the Property.

23. On information and belief, the Debtor did not record or properly document his interest in the Property in an attempt to shield his assets and conceal the fraudulent nature of the Transfers in furtherance of his scheme to hinder, delay, or defraud his creditors.

24. On information and belief, after the sale of the Property closed, the Debtor and Nicole moved into the Property and began paying the Defendants $5,500 in monthly rent.

2435327

25. On October 28, 2014, Nicole initiated marital dissolution proceedings against the Debtor by filing a Petition for Dissolution of Marriage in the Superior Court for the County of Los Angeles, in that certain action entitled *Nicole Goldman v. Todd Goldman*, Los Angeles County Superior Court case number BD610524.

26. On information and belief, on or around November 4, 2014, the Debtor moved out of the Property.

27. On or around June 1, 2015, the Debtor filed a complaint in the Superior Court for the County of Los Angeles against the Defendants and Nicole for, among other things, imposition of resulting trust, imposition of constructive trust, and declaratory relief, in that certain action entitled *Todd Goldman v. Hasan Ismail, et al.*, Los Angeles County Superior Court case number LC102984 (the "State Court Action").

28. On information and belief, because the Debtor's interest in the Property was not recorded or properly documented, the Debtor's creditors could not have discovered the existence of the Transfers until the Debtor filed the State Court Action at the earliest.

29. On December 11, 2018, the Debtor filed a voluntary chapter 7 petition, initiating Bankruptcy Case No. 1:18-bk-12979-MB. Thereafter, David Seror was duly appointed as chapter 7 trustee, in which capacity he continues to serve.

30. In his schedule A/B [Bankruptcy Case, Doc. 9], in response to Question No. 30, "Other amounts someone owes you," the Debtor answered "In 2014 Debtor had an equitable interest of $250,000 in the real property located at 4672 Brewster Drive, Tarzana, CA 91365. Owners of property are Hasan Ismail and Nasim Ismail. Interest was forfeited due to non purchasing of property within 2 years and rent while living there." The Debtor did not initially disclose the State Court Action in his bankruptcy schedules.

31. On information and belief, the Debtor made the claim in his schedule A/B that his interest in the Property was "forfeited" in an attempt to conceal the fraudulent nature of the Transfers in furtherance of his scheme to hinder, delay, or defraud his creditors.

32. Based on the circumstances of the Transfers, the Trustee is informed and believes, and based thereon alleges, that the Transfers were made by the Debtor with the actual intent to

5

hinder, delay, or defraud his creditors, because, among other things: (i) the Transfers were made after the Debtor owed Jasmin a substantial amount of money on account of the Loan; (ii) the Debtor did not record or properly document his interest in the Property; (iii) the Debtor did not disclose the true nature of the Transfers in his Schedules or Statement of Financial Affairs; (iv) the Debtor does not appear to have received reasonably equivalent value in exchange for the Transfers; and (v) the Debtor was insolvent at the time of the Transfers or became insolvent as a result of the Transfers.

## FIRST CLAIM FOR RELIEF

**Avoidance of Actual Fraudulent Transfers Against the Defendants**
**[11 U.S.C. §§ 544(b); and Cal. Civil Code §§3439.04(a)(1), 3439.07 and 338(d)]**

33.  Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

34.  The Transfers were made with the intent to hinder, delay, or defraud creditors of the Debtor.

35.  The Debtor did not record or properly document his interest in the Property in an attempt to shield his assets and conceal the fraudulent nature of the Transfer from his creditors.

36.  The Debtor did not receive any consideration in exchange for the Transfers.

37.  The Debtor's creditors could not have discovered the existence of the Transfers until the Debtor filed the State Court Action at the earliest.

38.  Accordingly, the Transfers are avoidable, and should be avoided pursuant to 11 U.S.C. §§544(b) and 550, and Cal. Civil Code §§3439.04(a)(1) and 338(d), and a constructive trust should be imposed on twenty percent (20%) the Property for the benefit of the Estate.

## SECOND CLAIM FOR RELIEF

**Avoidance of Constructive Fraudulent Transfers Against the Defendants**
**[11 U.S.C. § 544(b); and Cal. Civ. Code §§ 3439.04(a)(2), 3439.07 and 338(d)]**

39.  Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

40.  On information and belief, the Debtor did not receive reasonably equivalent value in exchange for the Transfers. In fact, he received no value for the Transfers.

41.  At the time of the Transfers, the Debtor either

2435327

  a. Was insolvent on the dates the First Transfer and Second Transfer were made, or became insolvent as a result thereof;

  b. Was engaged or was about to engage in a business or a transaction for which any property remaining of Debtor was of unreasonably small capital; or

  c. Intended to incur, or believed that he would incur, debts beyond his ability to pay as such debts matured.

42. On information and belief, the Debtor was insolvent, or became insolvent as a result of the Transfers.

43. On information and belief, the Debtor was not paying the Loan as payments came due.

44. On information and belief, there existed other creditors of the Debtor whose claims arose before the Transfers were made.

45. The Debtor's creditors could not have discovered the existence of the Transfers until the Debtor filed the State Court Action at the earliest.

46. Accordingly, the Transfers are avoidable, and should be avoided, as fraudulent pursuant to 11 U.S.C. §§544(b) and 550, and Cal. Civil Code §§3439.04(a)(2), 3439.07 and 338(d), and a constructive trust should be imposed on twenty percent (20%) the Property for the benefit of the Estate.

### THIRD CLAIM FOR RELIEF

**Recovery and Preservation of Avoided Transfers Against the Defendants**
**[11 U.S.C. §§ 550, 551; Cal. Civ. Code § 3439.07]**

2. Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

3. The Transfers were either (i) incurred and made with the actual intent to hinder, delay, or defraud creditors of the Debtor; or (ii) were made for less than reasonably equivalent value when the Debtor was insolvent or not paying his debts as they came due.

4. Accordingly, the Transfers made by, or consented to, by the Debtor should be avoided as fraudulent as set forth in the Trustee's First and Second Claims, above, and recovered and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 550 and Cal. Civ. Code § 3439.07.

2435327

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment on his Complaint as follows:

1. On the First, Second, and Third Claims for Relief, avoiding and recovering the Transfers for the benefit of the Estate;

2. Imposition of constructive trust as to 20% of the Property;

3. For costs of suit; and

4. For such other and further relief as the Court may deem appropriate.

DATED: November 9, 2020    BRUTZKUS GUBNER

/s/ Jessica S. Wellington
By:_____
Steven T. Gubner
Jessica L. Bagdanov
Jessica S. Wellington
Attorneys for, David Seror, Chapter 7 Trustee

2435327

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| STEVEN T. GUBNER – Bar No. 156593<br>JESSICA L. BAGDANOV – Bar No. 281020<br>JESSICA S. WELLINGTON – Bar No. 324477<br>BRUTZKUS GUBNER<br>21560 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Phone:    (818) 827-9000; Facsimile:  (818) 827-9099<br>Emails:    sgubner@bg.law<br>               jbagdanov@bg.law<br>               jwellington@bg.law<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br>TODD HARRIS GOLDMAN,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 1:18-BK-12979-MB<br><br>CHAPTER: 7<br><br>ADVERSARY NO.: |
|---|---|
| DAVID SEROR, Chapter 7 Trustee,<br><br><br><br><br><br>Plaintiff(s)<br>Versus<br>HASAN ISMAIL, an individual, and NASIM ISMAIL, an individual,<br><br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** 1575 | **Address:**<br>☒ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                      Page 1                                      **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                           **KATHLEEN J. CAMPBELL**
                           **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                         By: _____
                                Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*        Page 2        **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367.

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:
COMPLAINT FOR: 1) AVOIDANCE OF FRAUDULENT TRANSFERS WITH ACTUAL INTENT 2) AVOIDANCE OF
CONSTRUCTIVE FRAUDULENT TRANSFERS 3) RECOVERY AND PRESERVATION OF AVOIDED TRANSFERS
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____
*Date*         *Printed Name*                                               *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                           Page 3                                   **F 7004-1.SUMMONS.ADV.PROC**